FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2009 JAN 27 A 8:21
CLERK J.Burton
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| VICKI L. WILLIAMSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 107-145 |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Vicki L. Williamson ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI") payments under the Social Security Act. Upon consideration of the briefs submitted by counsel, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

## I. BACKGROUND

Based on claims of disability dating back to March 26, 2003, Plaintiff applied for SSI benefits on April 30, 2003 and DIB benefits on May 19, 2003. Tr. ("R"), pp. 53-55, 338-41. The Social Security Administration denied her claims initially and upon reconsideration. R. 45-48, 50-52. Plaintiff then requested a hearing before an Administrative Law Judge

("ALJ"), which was held on April 10, 2007. R. 43-44, 352-76. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, and a Vocational Expert ("VE"). R. 352. On June 25, 2007, the ALJ issued an unfavorable decision. R. 10-20. Applying the sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

2. The claimant's impairments of status post breast cancer and arthritis are considered "severe" based on the requirements in the Regulations (20 C.F.R. §§ 414.1520(c) and 416.920(c)).

3. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

4. The claimant is unable to perform any past relevant work but retains the residual functional capacity ("RFC") to perform the exertional requirements of light work.[1] The claimant is limited in her ability to reach overhead with the right arm, but can reach in all other directions. She is limited to occasional use of the right arm, and the right hand for fine manipulation. The claimant does not have postural, visual, communicative, or environmental limitations. (20 C.F.R. §§ 404.1565 and 416.965).

5. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that claimant can perform. (20

---

[1] Light work involves:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. . . . [A] job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. . . . If someone can do light work, . . . he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

2

C.F.R. §§ 404.1560(c), 404.1566, 416.960(c), and 416.966).[2]
Accordingly, claimant has not been under a disability, as defined in
the Social Security Act, from March 26, 2003 through the date of this
decision. (20 C.F.R. §§ 404.1520(g), 416.920(g)).

R. 15-19.

When the AC denied Plaintiff's request for review, the Commissioner's decision was "final" for the purpose of judicial review under 42 U.S.C. § 405(g). R. 4-6. Having failed to convince the AC to review her case, Plaintiff filed this civil action in the United States District Court for the Southern District of Georgia requesting a reversal or remand of that adverse decision. Plaintiff now argues that substantial evidence does not support the ALJ's decision denying Plaintiff's request for DIB and SSI. (Pl.'s Br., p. 1). Specifically, Plaintiff contends that (1) the ALJ erred in determining that Plaintiff could engage in substantial gainful activity;[3] (2) the ALJ failed to ask a proper hypothetical question to the vocational expert; (3) the ALJ failed to consider Plaintiff's combination of impairments; and (4) the AC erred in failing to consider an x-ray report from Augusta Arthritis Center. (Id.).

## II. THE STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145

---

[2] As revealed in the VE's testimony at the hearing, these jobs would include employment as a gate attendant or surveillance system monitor. R. 373.

[3] As correctly noted by Defendant, the ALJ actually concluded that Plaintiff had not engaged in substantial gainful activity since the alleged onset of her disability. R. 15. To the extent Plaintiff's argument challenges the ALJ's overall finding that she is not disabled, the Court construes this as Plaintiff's overarching argument, and her particular challenges to the ALJ's findings are addressed herein.

3

(11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal

4

conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

#### A. Vocational Expert Hypothetical and Credibility Determination

Plaintiff first argues that the ALJ erred in his hypothetical question to the VE regarding Plaintiff's RFC because he failed to properly include all of Plaintiff's limitations and impairments as established by the record. (Pl.'s Br., p. 16). As happened in this case, once the ALJ determines that a claimant may not return to her past work, the burden shifts to the Commissioner to show the existence of other types of substantial gainful employment that the claimant can perform given her age, education, previous work experience, and residual functional capacity. Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987). In this regard, the ALJ properly consulted a VE in conjunction with the Medical-Vocational Guidelines.

Of course, the underlying assumptions of hypothetical questions posed by an ALJ must accurately and comprehensively reflect the claimant's characteristics, and a reviewing court must determine whether they are supported by substantial evidence. McSwain v. Bowen, 814 F.2d 617, 619-20 (11th Cir. 1987) (*per curiam*); Pendley v. Heckler, 767 F.2d 1561, 1562-63 (11th Cir. 1985) (*per curiam*); see also Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999) ("In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments.");

Coleman v. Barnhart, 264 F. Supp.2d 1007, 1011 (S.D. Ala. 2003) (failing to comprehensively describe claimant's impairments and limitations, including that claimant "often" has deficiencies in concentration, persistence or pace, is grounds for remanding case for further proceedings).

At the hearing in this case, the following questions were posed to, and answered by, the VE:

Q: Assume I find the claimant is 43 years old on her alleged onset date. She has a 12th grade education, and performed light work with the following nonexertional impairments. . . . [S]he'd have limited reaching in all directions, even of the right arm . . . she can't reach overhead [] on the right side. Handling and fingering on the right side which is her dominant arm, would be limited to occasional. With these limitations, could she perform any of her past relevant work?

A: No, sir.

Q: All right. Would . . . she have any transferable skills, transferable in the skills of that hypothetical?

A: No, sir. She would not.

Q: [Are] there any unskilled entry level jobs that she'd be able to perform with those limitations?

A: There are some jobs. The occupational base is considerably compromised. But there are some jobs within the perimeters of that hypothetical. Examples of which would be a gate guard, or a gate attendant. . . . Another example would be a surveillance system monitor . . . .

. . . .

Q: All right. Now, assume I find her testimony to be fully credible. Could you identify any testimony that would limit the job base, and if so, what was that testimony and how would it limit the job base?

6

A: Well, I think her testimony to me has a number of vocationally significant elements to it that I think would relate to the problems she would have with the amount of pain she's in. And I think [it] would significantly interfere with her ability to concentrate on a task well, enough to be able to meet any kind of competitive standards. I think she'd be very distracted in dealing with coworkers or people as a result of that . . . .

Q: All right.

R. 372-74.

In considering Plaintiff's functional limitations in his opinion, the ALJ noted Plaintiff's testimony that detailed her difficulties in walking and using her right arm, as well as the drowsiness caused by medication, but found that this testimony concerning the severity and limiting effects of Plaintiff's symptoms was not "entirely credible." R. 17. Plaintiff now argues that the ALJ should have included as part of his hypothetical question assumptions regarding Plaintiff's joint pain and the effects of her medication, as well as more particular limitations on the use of her right arm. (Pl.'s Br., p. 16). Thus, as part of her challenge to the hypothetical question posed to the VE, Plaintiff also appears to be challenging the ALJ's assessment of her credibility with respect to her complaints of pain and their limiting effects.

The Eleventh Circuit has established a three-pronged test for evaluating a claimant's complaints of pain and other subjective symptoms. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (*per curiam*). Under the Eleventh Circuit's pain standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged pain or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed pain or restriction. Id. When discrediting a claimant's

7

subjective allegation of disabling pain, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (*per curiam*).

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Moreover, this Court is required to uphold the Commissioner's credibility determination if it is supported by substantial evidence. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980) (*per curiam*). As the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court. The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [his] medical condition as a whole.

Dyer v. Barnhart, 395 F.3d 1206, 1210-11 (11th Cir. 2005) (internal quotation marks and citations omitted).

In this case, the ALJ found evidence of an underlying medical condition, namely that Plaintiff had the severe impairments of status post breast cancer and arthritis. As noted above, in considering Plaintiff's functional limitations associated with these impairments, the ALJ noted Plaintiff's testimony that detailed her difficulties in walking and using her right arm, as well as the drowsiness caused by medication; however, he found that this testimony concerning the severity and limiting effects of Plaintiff's symptoms was "not entirely credible." R. 17. In explaining his reasons for discrediting the testimony, the ALJ noted that the medical evidence in the record did not fully support these complaints,

specifically identifying a bone scan done on April 5, 2007 that showed "degenerative activity" in Plaintiff's spine and knees, but no evidence of herniation or stenosis. R. 335-36. He also cited evidence indicating that Plaintiff had been able to work as a housekeeper after the alleged onset of her disability, R. 17, and that she had been able to perform "light chores," drive short distances, and walk for 15 minutes. R. 74-76. Based on these specific findings, the ALJ determined that Plaintiff's testimony regarding the limiting effects of symptoms were "not entirely credible." R. 17. However, he did find her testimony credible to the extent that "she would experience discomfort with heavy lifting, or prolonged periods of walking or standing" and reduced her RFC accordingly to accommodate those limitations. R. 18.

The Court finds that the ALJ sufficiently articulated his reasons for discrediting Plaintiff's testimony with respect to the severity of her pain and other limiting effects, and this credibility determination is supported by substantial evidence in the record. While the record does provide evidence of two underlying medical conditions (namely, status post breast cancer and arthritis), there is no objective evidence in the record that establishes that the limiting effects of Plaintiff's pain and other symptoms were as severe as she described them in her testimony. Moreover, Plaintiff's ability to work as a housekeeper perform light chores, and walk for 15 minutes is at a time is difficult to square with her complaints of pain and the resulting restrictions on her activities. Simply stated, such abilities cast doubt on whether Plaintiff's conditions reasonably resulted in the symptoms and limiting effects she described. Based on these considerations, the Court determines that Plaintiff has failed to establish that she suffered from any other impairments that should have been included in the

hypothetical question posed by the ALJ to the VE. As a result, the Court also finds that the ALJ's determination concerning the functional limitations associated with Plaintiff's condition is supported by substantial evidence of record, and that the hypothetical posed by the ALJ accurately reflected those limitations. Accordingly, Plaintiff should not obtain relief on this ground.

B. **Consideration of Combination of Impairments**

Plaintiff next argues that the ALJ erred by failing to consider her combination of impairments and their limiting effects. Specifically, Plaintiff contends that the ALJ's description of her impairments as "status post breast cancer and arthritis" is an oversimplification of her impairments, and that she suffers from other impairments associated with her arthritis, such as joint pain and leg pain, which the ALJ failed to discuss in his opinion. (Pl.'s Br., pp. 18-19). In response, the Commissioner argues that the medical evidence does not support Plaintiff's assertions that she suffered from a multitude of other impairments. (Comm'r.'s Br., pp. 11-13). The Commissioner has the better argument.

In his opinion, the ALJ found that Plaintiff's impairments of status post breast cancer and arthritis were severe. The ALJ took these impairments into consideration in finding that Plaintiff had the RFC to perform light work, but would be "limited in her ability to reach overhead." R. 16. Furthermore, the ALJ found that she would be limited to "occasional use of her right arm and the right hand for fine manipulation." (Id.). In the Eleventh Circuit, use of the language indicating consideration of an impairment, or combination of impairments, is a sufficient basis upon which to conclude that the ALJ considered the combined effect of Plaintiff's impairments. Wilson v. Barnhart, 284 F.3d 1219, 1224-25 (11th Cir. 2002) (*per*

*curiam*) (citing <u>Jones v. Dep't of Health & Human Servs.</u>, 941 F.2d 1529, 1533 (11th Cir. 1991) (*per curiam*)). The language used by the ALJ in determining Plaintiff's RFC indicates that he considered the impairments Plaintiff suffered as a result of the lymphedema in her right arm associated with her treatment for breast cancer, in combination with the effects of her arthritis. Moreover, to the extent Plaintiff argues that the ALJ failed to consider other impairments, as noted above, Plaintiff has failed to identify any objective medical evidence in the record before the ALJ that would have warranted consideration of such additional impairments. Based on these considerations, the Court finds that the ALJ properly considered Plaintiff's impairments in combination. Accordingly, Plaintiff should not obtain relief on this ground.

## C.    AC's Consideration of the X-Ray Report

Plaintiff's final argument is that a remand is appropriate under sentence six of 42 U.S.C. § 405(g) because the AC erred in failing to properly consider an x-ray report from the Augusta Arthritis Center regarding Plaintiff's arthritic condition. (Pl.'s Br., p. 19). Plaintiff states that this evidence warrants remand because it is new and material, inasmuch as it was never considered by the ALJ and contradicts the ALJ's findings. (<u>Id.</u> at 20). Defendant argues in response that the x-ray report fails to meet the standard that would warrant a sentence six remand. (Comm'r.'s Br., pp. 21-23).

Before addressing the merits of Plaintiff's argument, the Court must first determine the proper standard of review. Until recently, when presented with new evidence that was submitted to the AC, a reviewing court could only consider whether the new evidence necessitated remand under sentence six of § 405(g); it could not consider the new evidence

in determining whether the Commissioner's final decision was supported by substantial evidence. Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998); Keeton v. Department of Health and Human Servs., 21 F.3d 1064, 1068 (11th Cir. 1994). Under that standard, a reviewing court could remand a case for consideration of new evidence only if the evidence was material and only if good cause existed for the claimant's failure to submit the evidence at the prior administrative proceeding. 42 U.S.C. § 405(g).

However, a recent decision by the Eleventh Circuit has attempted to clarify the analysis of Social Security cases where the plaintiff requests review of the ALJ's decision based on new evidence submitted to the AC, and the AC denies that request after reviewing the evidence. In Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253 (11th Cir. 2007), the Eleventh Circuit concluded that a sentence six remand is only proper "when new material evidence that was not incorporated into the administrative record for good cause" and "not presented to the Commissioner at any stage of the administrative process" is submitted to the district court. Id. at 1267 (citations omitted). The court went on to find that "evidence properly presented to the Appeals Council has been considered by Commissioner and is part of the administrative record." Id. Thus, such evidence "can be the basis for only a sentence four remand, not a sentence six remand." Id. (citations omitted); see also Couch v. Astrue, 267 Fed. App'x 853, 857-58 (11th Cir. 2008) (finding that district court did not err in refusing to remand under sentence six because the evidence was not new evidence that the Commissioner failed to incorporate into the record). In sum, where a claimant properly presents new evidence for consideration by the AC and the AC denies the request for review after considering the new evidence submitted, the "substantial evidence" standard required

12

by sentence four applies, and the Court must determine whether the new evidence demonstrates that the denial of benefits is erroneous because the decision is no longer supported by substantial evidence.

Here, the Court is persuaded that an analysis under sentence four is appropriate. Plaintiff states in her brief that the x-ray report was enclosed in her letter to the AC, but also states that it was not included in the record on appeal. (Pl.'s Br., p. 19). However, the letter requesting review, which references and quotes an enclosed x-ray report, is part of the administrative record, even though the report inexplicably is not attached to the copy of the letter that does appear in the administrative record. R. 7-9. The x-ray report is attached to Plaintiff's brief, however, and as neither party has objected to the identification of this report as the one received by the AC, the Court considers this evidence under the sentence four standard.

The x-ray report from the Augusta Arthritis Center, dated May 14, 2007, notes multiple problems with Plaintiff's knees and spine. Specifically, the report states that both Plaintiff's medial joint spaces are "severely narrowed" and that there are lateral and medial osteophytes on both Plaintiff's right and left femur. (Pl.'s Br., Ex. B). As to Plaintiff's spine, the report notes a narrowing of the space between the L4 and L5 discs, along with 5 "vertebral bodies." (Id.). Accordingly, the doctor examining Plaintiff's x-ray diagnosed Plaintiff with severe osteoarthritis in both knees, as well as L4-L5 disc disease. (Id.).

When determining that Plaintiff retained the RFC to perform light work, the ALJ noted that he did not find Plaintiff's testimony concerning the intensity, persistence, and limiting effects of her symptoms fully credible because it was not supported by objective

medical evidence in the record. R. 17. Indeed, he identified a separate report that simply stated that Plaintiff had degenerative arthritis. R. 335-36. Accordingly, he found that there were jobs that existed in the national economy that Plaintiff could perform despite her impairments (such as gate attendant or surveillance system monitor), and therefore determined that she was not disabled. R. 19.

The x-ray report from the Augusta Arthritis Center does not contradict these conclusions, nor does it provide the objective medical evidence that the ALJ found lacking. Rather, the report simply confirms that Plaintiff suffered from arthritis in her knees and back and, notably, does not diagnose Plaintiff with any other impairments other than those already considered by the ALJ. Moreover, Plaintiff has not submitted any statement of any doctor who reviewed or interpreted the report that recommended limitations on Plaintiff's activities beyond those found by the ALJ to be supported by the objective medical evidence in the record. Despite the submission of this new x-ray report, the Commissioner's decision to deny Plaintiff benefits is still supported by substantial evidence, and remand is not appropriate on this basis.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 27th day of January, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

14